DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant Bryce Nichols appeals the judgment of the Gallia County Court of Common Pleas, Juvenile Division, which adjudicated appellant a delinquent child based on acts which, if committed by an adult, would constitute obstructing official business, a second-degree misdemeanor in violation of R.C. 2921.31. Appellant asserts that the trial court's judgment was against the sufficiency and manifest weight of the evidence.
 {¶ 2} We disagree and affirm the judgment of the trial court.
 The Lower Court Proceedings {¶ 3} On March 17, 2003, Ohio State Highway Troopers Risner and Howard were involved in a high-speed chase with Jeremy Nichols, who is Appellant Bryce Nichols' brother. Jeremy drove his vehicle into a driveway near his home, exited his vehicle, and ran into a nearby wooded area. Trooper Risner pursued Jeremy on foot and apprehended him. Evidently, Jeremy was injured during his apprehension, suffering cuts to his face.
 {¶ 4} While bringing Jeremy to the patrol car, the troopers encountered appellant and his older brother Beau Nichols. Appellant and Beau stood in front of the trooper's patrol car and tried to prevent Trooper Risner's attempts to place Jeremy in the vehicle. Appellant and Beau told the troopers that Jeremy was not going to be taken to jail. Trooper Howard stepped between the appellant and Jeremy, ordering appellant to stay back and creating enough space to permit Trooper Risner to load Jeremy into the patrol car. After placing Jeremy into the vehicle, the troopers attempted to leave. As Trooper Risner was pulling out of the driveway, appellant placed himself in contact with the left front fender of the trooper's car and attempted to lie across the hood of the vehicle, trying to stop the vehicle. Trooper Risner had to drive off the driveway and onto the grass in order to avoid striking or injuring appellant.
 {¶ 5} Subsequently, complaints were filed with the Gallia County Court of Common Pleas, Juvenile Division, alleging appellant to be a delinquent child based on acts which, if committed by an adult, would constitute failure to comply with the lawful signal or order of a police officer, a violation of R.C. 2921.331(A), and obstruction of official business, a violation of R.C. 2921.31. A hearing was held on the charges, at which Trooper Risner, appellant, and appellant's mother testified.
 {¶ 6} At the conclusion of the hearing, the trial court found appellant not guilty of failure to comply but guilty of obstructing official business. Accordingly, the trial court adjudicated appellant a delinquent child and ordered him to pay court costs and perform forty hours of community service.
 The Appeal {¶ 7} Appellant timely filed his notice of appeal and presents the following assignments of error for our review.
 {¶ 8} First Assignment of Error: "The actions of the appellant/juvenile were reasonable and understandable under the circumstances, and did not rise to the level of obstructing business."
 {¶ 9} Second Assignment of Error: "The trial court's finding of guilty in this case was against the manifest weight of the evidence."
 {¶ 10} Appellant's assignments of error assert that the trial court's finding of delinquency was against the sufficiency and manifest weight of the evidence. We address these arguments seriatim.
 I. Sufficiency {¶ 11} When an appellant challenges the sufficiency of evidence, the relevant inquiry is "whether, `after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" (Emphasis sic.) State v. Johnson, 88 Ohio St.3d 95, 112,2000-Ohio-276, 723 N.E.2d 1054, quoting Jackson v. Virginia (1979),443 U.S. 307, 319, 99 S.Ct. 2781; see State v. Green (1996),117 Ohio App.3d 644, 691 N.E.2d 316; Whiteside, Ohio Appellate Practice (2001 Ed.) 287-291, Standards of Review.
 {¶ 12} The essential elements of obstruction of official business are found in R.C. 2921.31(A), which provides as follows:
 {¶ 13} "No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties."
 {¶ 14} Appellant asserts that his conduct was not so egregious that it rose to the level of obstructing official business. Specifically, appellant argues that he simply wanted to ascertain why his brother was all bloody because he was concerned for his brother's well-being. Appellant contends that his intent was not to prevent, obstruct, or delay the performance of the trooper's duties; he simply wanted the troopers to wait for his parents to arrive on the scene in order to determine how his brother was injured and whether the troopers acted inappropriately or illegally during the arrest. Further, appellant argues that his actions were reasonable under the circumstances and should not be criminalized.
 {¶ 15} However, the statute does not prohibit unreasonable actions that impede or obstruct official business; it clearly prohibits "any act that hampers or impedes a public official in the performance" of his or her lawful duties. R.C. 2921.31(A). Thus, the reasonableness or unreasonableness of appellant's actions is irrelevant as to the commission of this crime. We note, however, as did the First District Court of Appeals in State v. Stayton (1998), 126 Ohio App.3d 158, 164,709 N.E.2d 1224, that, not "every act that can conceivably be said to hinder a police officer rises to the level of criminal conduct. Certainly there is a level of hindrance that is simply too casual, remote, or indirect to be punishable under the statute. Although entitled to full respect of the badge and uniform in the execution of his or her duty, a police officer is expected to tolerate a certain level of uncooperativeness, especially in a free society in which the citizenry is not obliged to be either blindly or silently obeisant to law enforcement. Interference with the police by citizens must, therefore, be necessarily viewed as a continuum along which, at a certain point, the line is crossed." Appellant, however, "crossed that line" with his conduct in the present case.
 {¶ 16} The trial court was presented with sufficient evidence to find that appellant obstructed official business. First, appellant blocked the arresting trooper's access to his vehicle in attempts to prevent the arrest of his brother. Then, appellant attempted to block the driveway and prevent the troopers from leaving the scene with his brother. Further, throughout the incident, appellant continuously informed the officers that they were not leaving with his brother, which supports a finding that appellant's intent was to prevent, obstruct, or delay the trooper's performance of his duties.
 {¶ 17} We conclude, therefore, that there was sufficient evidence for the trial court to find that appellant, without privilege to do so, purposefully hampered or impeded Trooper Risner as he attempted to place appellant's brother into the cruiser and transport him from the scene. Accordingly, we overrule appellant's First Assignment of Error.
 II. Manifest Weight {¶ 18} In his Second Assignment of Error, appellant asserts that the trial court's judgment that he committed the offense of obstructing official business was against the manifest weight of the evidence.
 {¶ 19} For an appellate court to reverse the judgment of a trial court on the basis that the verdict is against the manifest weight of the evidence, it must "sit as a `thirteenth juror' and disagree with the [fact — finder's] resolution of the conflicting testimony." (Emphasis added.) Tibbs v. Florida (1982), 457 U.S. 31, 42,102 S.Ct. 2211.
 {¶ 20} The First District Court of Appeals, in State v. Martin
(1983), 20 Ohio App.3d 172, 485 N.E.2d 717, provided a succinct statement of the appropriate analysis to be utilized in such cases. "The [appellate] court, reviewing the entire record, [should] weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Martin, 20 Ohio App.3d at 175; see, generally, Whiteside, Ohio Appellate Practice (2001 Ed.) 287-291, Standards of Review (explaining that "manifest weight of the evidence involves * * * whether reasonable minds could reasonably weigh the evidence to reach the factual finding. * * * [O]ne rationale for this is that the finder of fact has had an opportunity to observe the demeanor of the witnesses, a factor not normally preserved in the record of appeal."); accord Weidner v. Blazic (1994), 98 Ohio App.3d 321,648 N.E.2d 565.
 {¶ 21} Our review of the record shows that the testimony produced at the delinquency proceeding establishes those facts as recited previously in this opinion: (1) that appellant blocked the trooper's access to his vehicle when trying to place appellant's brother in the vehicle; (2) that appellant attempted to block the egress of the trooper's vehicle when transporting appellant's brother from the scene; and (3) that throughout the incident, appellant told the officers that they were not leaving with, or arresting, his brother. From these facts, a reasonable trier-of-fact could conclude that appellant purposefully impeded or hampered the troopers in the performance of their duties.
 {¶ 22} Appellant, however, relies on his own testimony and that of his mother as evidence that these things did not take place, i.e., that appellant did not interfere with the trooper's arrest of his brother, Jeremy. We note, however, appellant's mother testified that Jeremy was already in the trooper's vehicle when she arrived at the scene. Thus, she was not present to witness appellant's initial interference with the trooper's attempts to place Jeremy in the vehicle. Further, appellant's mother testified that she left the scene before the troopers departed. Accordingly, she did not witness appellant's attempt to prevent the trooper from transporting Jeremy from the scene. Without relevant testimony from his mother, appellant is left relying on his own testimony.
 {¶ 23} Having reviewed the entire record in this case, we conclude that a reasonable fact-finder presented with the evidence in this record, aided by the additional opportunity to observe the demeanor of the witnesses, could properly find that appellant committed this crime. Accordingly, we overrule appellant's Second Assignment of Error.
 Conclusion {¶ 24} We find that the trial court's judgment that appellant is a delinquent child based on acts which, if committed by an adult, would constitute obstructing official business, is not against the sufficiency or manifest weight of the evidence. Therefore, appellant's assignments of error are overruled in toto, and we affirm the judgment of the trial court.
Judgment affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that appellee recover of appellant costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the GALLIA COUNTY COURT OF COMMON PLEAS, JUVENILE DIVISION, to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEENPREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, IT IS TEMPORARILYCONTINUED FOR A PERIOD NOT TO EXCEED SIXTY (60) DAYS UPON THE BAILPREVIOUSLY POSTED. The purpose of the continued stay is to allow appellant to file with the Supreme Court of Ohio an application for stay during the pendency of proceedings in that court.
If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of appellant to file a notice of appeal with the Supreme Court of Ohio within the forty-five (45) day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of the sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J.: Concurs in Judgment and Opinion.
Kline, J.: Concurs in Judgment Only.